IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **CARLOS RAUL GOMEZ OLIVAS,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | **CAUSE NO. EP-26-CV-562-KC** |
| § | |
| **U.S. IMMIGRATION AND** § | |
| **CUSTOMS ENFORCEMENT,** § | |
| § | |
| Respondent. § | |

## ORDER

On this day, the Court considered the case. Massiel del Socorro Juarez Blandon filed a Petition for Writ of Habeas Corpus, ECF No. 1, on behalf of her partner, Carlos Raul Gomez Olivas.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. But "[c]ourts do not automatically grant 'next friend' status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner." *Romanov ex rel. Romanova v. Frink*, No. 25-cv-3133, 2025 WL 2162290, at *2 (S.D. Tex. July 30, 2025) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)). To proceed as "next friend" the individual must establish: (1) "an adequate explanation such as inaccessibility, mental incompetence, or other disability of why the real party in interest cannot appear on his own behalf" and (2) that the "next friend" is "truly dedicated to the best interests of the person" and has "some significant relationship with the real party in interest." *Page v. Hogans*, No. 15-cv-597, 2017 WL 11810133, at *1–2 (S.D. Miss. Sept. 5, 2017).

Here, Juarez Blandon likely meets the second element, as she has a significant relationship with Gomez Olivas and seeks his release. But Juarez Blandon does not provide any reason why Gomez Olivas cannot proceed on his own behalf and file the petition himself. *See generally* Pet. The Court receives many petitions filed by detainees at the same facility where Gomez Olivas is incarcerated—therefore, the simple fact of his detention, without more, is insufficient to allow him to proceed through a next friend. The Court thus exercises its discretion to order a supplemental filing to determine whether Juarez Blandon may proceed as "next friend" on behalf of Gomez Olivas. *See Lonchar v. Thomas*, 517 U.S. 314, 325 (1996) (quoting Habeas Rule 4 and citing Habeas Rule 7) (recognizing that district courts have "ample" discretion to "take such other action as the judge deems appropriate" and to "order expansion of the record").

Separately, the allegations in the Petition are insufficient. Gomez Olivas has been detained since November 3, 2025. Pet. 1. There are no facts about when he entered the country and whether he was detained by immigration authorities at that time. *See generally* Pet. It is also unclear whether he is subject to a final order of removal. In order to properly assess the merits of the Petition, more information is needed.

Further, the Petition was filed without payment of the $5.00 filing fee or a motion to proceed without paying the filing fee. Failure to properly pay the filing fee is not a jurisdictional defect and does not prevent the Court from exercising its discretion to order supplemental filings*, see Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978).

Accordingly, the Court **ORDERS** that, **by no later than March 13, 2026**, either:

(1) Juarez Blandon must **FILE** written notice detailing why Gomez Olivas cannot proceed with this petition for a writ of habeas corpus on his own behalf, and clarify:

      a. When Gomez Olivas entered into the country,

      b. Whether immigration authorities detained Gomez Olivas upon initial entry into the country, and

      c. Whether Gomez Olivas is subject to a final order of removal, or

(2) Gomez Olivas must **FILE** written notice expressing his intent to proceed with this petition pro se, and clarify:

      a. When Gomez Olivas entered into the country,

      b. Whether immigration authorities detained Gomez Olivas upon initial entry into the country, and

      c. Whether Gomez Olivas is subject to a final order of removal.

**IT IS FURTHER ORDERED** that either Juarez Blandon or Gomez Olivas shall pay the required $5.00 filing fee **by no later than March 13, 2026**. The Court **CAUTIONS** them that failure to timely pay the filing fee or a motion to proceed without paying it may result in dismissal of the case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order to both Juarez Blandon and Gomez Olivas via certified mail at the following addresses:

Massiel del Socorro Juarez Blandon
112 Fairdale Dr
Lexington, KY 40511

Carlos Raul Gomez Olivas
A-241-836-087
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**SO ORDERED**.

**SIGNED this 27th day of February, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE